UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
JUN 20 2011

LORI PRECOURT, ADMINISTRATOR )
OF THE ESTATE OF CAROLYN )
BLACK, LORI PRECOURT, )
INDIVIDUALLY AND DIANA ) No. 10-MC-130
MORRISON, )
        Plaintiffs, )
)
v. )
)
FAIRBANK RECONSTRUCTION )
CORP., d/b/a FAIRBANK FARMS, a )
foreign corporation, GREATER OMAHA )
PACKING COMPANY, INC., a foreign )
corporation and SHAW'S )
SUPERMARKETS, INC., a foreign )
corporation, )
)
        Defendants. )

## PROTECTIVE ORDER

Based upon the Joint Motion for Protective Order, and for good cause shown, it is hereby ORDERED:

**1.** **Scope.** All documents and information produced by Beef Products, Inc. ("BPI") in the course of discovery in the underlying matter, including all documents produced by BPI in this matter pursuant to third-party subpoenas and the testimony and exhibits proffered at BPI's Rule 30(b)(6) deposition (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

{00899059.1}

2. **Form and Timing of Designation.** BPI may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation of a document as confidential does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** BPI may designate documents CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only if after review of the documents, BPI has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets, personnel records, or confidential personal, scientific, testing, financial, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

4. **Documents Which May be Designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER."** BPI may designate such documents as "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER," but only if after review of the documents, BPI has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure because such information relates to highly sensitive commercial, scientific, testing, financial, personal, or marketing matters or other proprietary information for which any disclosure would harm the commercial or business interests of BPI. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public

sector may not be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER."

5. **Depositions.** Deposition testimony from BPI shall be deemed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions that are so designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER until ten days after delivery of the transcript by the court reporter. Within ten days after delivery of the transcript, BPI may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER." Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. BPI's failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

6. **Protection of Designated Materials.**

(a) **General Protections (Documents Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER).** Documents designated by BPI as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by any parties, or counsel for any parties, or any other persons

identified in ¶ 6(a)(1) below, for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    (1) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)-(vi) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:"

    (i)     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

    (ii)     **Parties.** Parties and employees of a party to this Order;

    (iii)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    (iv)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (v)     **Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    (vi)     **Others by Consent.** Other persons only by written consent of BPI or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    (b)     **Additional Protections (Documents Designated "CONFIDENTIAL - ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER").** Documents

designated by BPI as "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall not be used for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof, and shall be subject to the additional protections as set forth below:

(1) **Limited Third-Party Disclosures.** No counsel of any party receiving documents designated subject to this Order shall disclose or permit the disclosure of any such documents to its clients' or their clients' officers, employees or directors, including any in-house counsel, either directly or indirectly. Additionally, no counsel of any party receiving documents subject to this Order shall disclose or permit the disclosure of any such documents to any third person or entity except as set forth in subparagraphs (i)-(v) below:

(i) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(ii) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(iii) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(iv) **Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(v) **Others by Consent.** Other persons only by written consent of BPI or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of any documents designated as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER pursuant to this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years from the date of signing.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of any documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

7. **Filing of Designated Documents Under Seal.** Before any document marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" is filed with this Court, the court in the underlying action pending in New Hampshire, or any other court, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with BPI's counsel or the Court in the underlying action pending in the District of New Hampshire, to determine whether, with the consent of BPI, a redacted document may be filed with the court not under seal. Where agreement is not possible or adequate, a confidential document must be filed under seal in accordance with the local rules of the applicable court.

**8. No Greater Protection of Specific Documents.** BPI may not withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless BPI moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party. The following procedure shall apply to any such challenge.

    **(a) Objection to Confidentiality.** Within 30 days of the receipt of any document designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER," or of the refusal to produce a document on the ground of such designation, a party may serve upon BPI an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" until designated otherwise by waiver, agreement, or order of this Court, which retains exclusive jurisdiction over these disputes.

    **(b) Obligation to Meet and Confer.** The objecting party and BPI shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, BPI shall serve on all parties a notice specifying the documents and the nature of the agreement.

    **(c) Obligation to File Motion.** In the absence of agreement as to any

documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, BPI shall file within 30 days of the service of the objection a motion with this Court to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation. BPI has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation of documents to which objection was made.

**10.    Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER shall be by motion to this Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced by BPI in discovery.

**11.    Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial information designated by BPI as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER or information derived therefrom, shall identify the issue, not the information, in a pretrial submission. The trial court shall thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.    Obligations on Conclusion of Litigation.**

   **(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of** CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be returned to BPI unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to BPI that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" documents.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party, BPI, or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination.** Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" by counsel or the parties

is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all parties, their counsel, and all other persons made subject to this Order by its terms.

Dated:

BY THE COURT:

_____
Karen E. Schreier
Chief Judge

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

| | |
|---|---|
| LORI PRECOURT, ADMINISTRATOR OF THE ESTATE OF CAROLYN BLACK, LORI PRECOURT, INDIVIDUALLY AND DIANA MORRISON,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRBANK RECONSTRUCTION CORP., d/b/a FAIRBANK FARMS, a foreign corporation, GREATER OMAHA PACKING COMPANY, INC., a foreign corporation and SHAW'S SUPERMARKETS, INC., a foreign corporation,<br><br>Defendants. | No. 10-MC-130 |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Dakota in matters relating to the Confidentiality Order and understands that the

terms of the Confidentiality Order obligate him/her to use documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                                             Signature